UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL LEE and ANASTASIA LEE,<br><br>Plaintiffs,<br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY; ROBERT T. HANLEY; T-N-T CLAIMS AND CONSULTING SERVICES, INC.; and TROY VICTOR HASKELL d/b/a T-N-T CLAIMS AND CONSULTING SERVICES, INC.,<br><br>Defendants. | CASE NO. 2:24-cv-00591-TL<br><br>ORDER OF REMAND |

This case arises out of a dispute regarding insurance coverage for a residential property. The matter is before the Court on Plaintiffs' Motion to Remand Case to State Court and for Attorney Fees and Costs. Dkt. No. 8. Having reviewed Defendants' response (Dkt. No. 17), the relevant record, and governing law, the Court hereby FINDS that it lacks subject matter jurisdiction, DENIES Plaintiffs' request for attorney fees and costs, and REMANDS this case to King County Superior Court.

ORDER OF REMAND - 1

## I. BACKGROUND

Plaintiffs Daniel and Anastasia Lee own a residential rental property in Seattle. Dkt. No. 1-3 (First Amended Complaint) ¶ 1. The property was insured by Amica Mutual Insurance Company, which had issued a policy providing indemnity coverage for loss of premises at the home. *Id.* ¶ 2, 10; Dkt. No. 17 (Opposition to Motion to Remand) at 2. Rooms in four levels of the home sustained water damage after a frozen pipe burst on January 16, 2024. Dkt. No. 1-3 ¶¶ 11–12, 17; Dkt. No. 17 at 2. Amica denied Plaintiffs' claim for the resulting loss, stating that the policy "specifically excludes damage caused by freezing unless heat is maintained in the building or the water supply is shut off and all systems and appliances drained of water." Dkt. No. 1-3 ¶23.

At the time, new tenants were in the process of moving in, and they had not yet activated a utilities account. *Id.* ¶ 15. Plaintiffs allege they are not at fault because they had made reasonable efforts to maintain heat in the home. *Id.* ¶¶ 14, 16. Plaintiffs allege that they only become aware that the utilities were inactive when a prior tenant reached out regarding a utility bill for the property. Dkt. No. 1-3 ¶ 15. They allege to have immediately contacted the new tenants on January 15, the day before the loss. *Id.* The new tenants responded that evening to note that they had been unable to set up an account online but planned to call the utility company the following day. *Id.* The following day, the frozen pipe burst. *Id.* ¶¶ 11–12. Under the lease agreement, the new tenants were responsible for setting up and paying the utilities at the home, and Plaintiffs "had no way of knowing the utilities at the home had been shut off until the loss occurred." *Id.* ¶¶ 13, 15.

Amica hired T-N-T Claims & Consulting Services, Inc. ("TNT"), a claims adjusting and consulting company, to adjust the claim. *Id.* ¶¶ 4, 19; Dkt. No. 17 at 2. TNT employed independent adjuster Robert Timothy Hanley, who inspected the home on or about January 22,

2024. Dkt. No. 1-3, ¶¶ 3–4, 21; Dkt. No. 17 at 2. Plaintiffs allege Defendants failed to conduct a reasonable investigation and that they wrongfully denied their claim as a result, leaving them with repair costs and other expenses which would have been covered under their policy. Dkt. No. 1-3 ¶¶ 24–28. Amica, TNT, TNT's owner Troy Victor Haskell, and Hanley are named as defendants in this action. Like Plaintiffs, Hanley is a Washington resident. *Id.* ¶¶ 2–5; Dkt. No. 8 at 2; Dkt. No. 17 at 2.

Plaintiffs filed suit in King County Superior Court on April 2, 2024. The operative complaint includes a single claim against Hanley: "Insurance bad faith." Dkt. No. 1-3 ¶ 39. Defendants timely removed to this Court on April 29. Dkt. No. 1 (Notice of Removal). The Parties do not dispute that Plaintiffs and Defendant Hanley are Washington residents. Dkt. No. 8 at 4; Dkt. No. 17 at 4–5. However, Defendants maintain that Hanley was fraudulently joined to defeat diversity jurisdiction.[1] Dkt. No. 1 ¶ 7; Dkt. No. 17 at 3–8.

## II. LEGAL STANDARDS

### A. Motion to Remand

"If . . . it appears that [a] district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. There is a strong presumption against federal jurisdiction in a removed case, *see, e.g.*, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and it is the removing defendant's burden to establish the propriety of removal. *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal citations and quotation omitted). "[A]ny doubt is resolved against removability." *Id.*; *see also Hunter*, 582 F.3d at 1042 (holding that a court must resolve "all ambiguity in favor of remand to state court").

---

[1] Defendants initially contended that both Haskell and Hanley may have been improperly joined (Dkt. No. 1 ¶¶ 6–7), but their opposition to the remand motion acknowledges that Haskell is a California citizen for diversity purposes. Dkt. No. 17 at 4.

ORDER OF REMAND - 3

B.     **Request for Attorney Fees and Costs**

Per statute, a remand order "*may* require" payment of attorney fees by the removing party. 28 U.S.C. § 1447(c) (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. The objective reasonableness of removal depends on whether the applicable law "clearly foreclosed" the arguments in support of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008).

### III.   ANALYSIS

A.     **Fraudulent Joinder**

Defendants base their removal on diversity jurisdiction. *See* Dkt. No. 1. A defendant may remove cases based on diversity of citizenship. 28 U.S.C. § 1441(b). Diversity jurisdiction can be established when the amount in controversy exceeds the jurisdictional minimum (currently $75,000 exclusive of interest and costs) and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants assert in their Notice of Removal that Plaintiffs' claims against Defendant Hanley are "frivolous and likely a fraudulent joinder to prevent removal of the lawsuit to Federal Court." Dkt. No. 1 at 3.

An in-state defendant's inclusion in a lawsuit "is ignored for the purposes of determining diversity" if the plaintiff fails to state a cause of action against that defendant under "the well-settled rules of the state." *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (internal citations omitted). In such cases, the in-state defendant is deemed to be fraudulently joined and their presence does not defeat diversity jurisdiction. *Id.* However, Defendants bear the burden of showing, by clear and convincing evidence, that fraudulent

joinder exists and that removal was proper. *See, e.g.*, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (applying "clear and convincing evidence" standard); *see also Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (holding that defendant bears a "heavy burden"). Further, "if there is a *possibility* that a state court would find that the complaint states a cause of action against [the nondiverse defendant,] the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046) (holding that the standard for fraudulent joinder is different from the Rule 12(b)(6) standard).

**B.     Remand is Appropriate**

Defendants' sole basis for asserting fraudulent joinder is that Washington law does not allow claims for insurance bad faith to be brought against individual adjusters "because such liability does not extend beyond the quasi-fiduciary relationship between the insurer and the insured." Dkt. No. 17 at 6 (citing *Annechino v. Worthy*, 175 Wn.2d 630, 638, 290 P.3d 126 (2012)). They argue that as a non-employee adjuster, "Hanley is even further removed from the insurer-insured relationship." *Id.* at 8.

Defendants misread *Annechino*. That case concerned whether officers and employees of a bank owed depositors a quasi-fiduciary duty such that they could be held personally liable for obligations potentially created on behalf of the bank. *Annechino*, 175 Wn.2d at 632, 639. There, the Washington Supreme Court held, based on the specific facts of the case before it, that the bank officers and employees could not be held liable. Even though the court noted that banks typically do not form fiduciary relationships with depositors, it analyzed possible factual bases for extending liability to the individual defendants. *See id.* at 636–39 (assessing whether individual defendants were alleged to have behaved tortiously or knowingly made misrepresentations to the depositor-plaintiffs). Further, the Washington Supreme Court

specifically noted, "[w]e do not address the issue of whether personal liability would attach if there were evidence of self-dealing or malfeasance." *Id.* at 639. *Annechino* does not establish that Plaintiffs' bad faith claims against an insurance adjuster are barred.

Defendants further cite to *Keodolah v. Allstate Insurance Company* for the proposition that Washington law forecloses the claim against Hanley. *See* Dkt. No. 17 at 6–8 (citing, *inter alia*, 194 Wn.2d 339, 449 P.3d 1040 (2019)).[2] However, as the dissenting opinion in that case points out, *Keodalah* only addressed *statutory* bad faith claims. *See* 194 Wn.2d at 1049 (Yu, J., dissenting). The complaint in this case alleges "[i]nsurance bad faith" without citing any statute and thus can be read as stating a common-law claim. *See* Dkt. No. 1-3 ¶ 39.

Defendants also fail to consider relevant federal authorities interpreting *Keodalah*. In recent years, this District has had ample opportunity to specifically determine whether the Washington Supreme Court in *Keodalah* closed the door on common law bad faith insurance claims against individual insurance adjusters. The overwhelming consensus is that it has not. Courts in this District—including this one—have repeatedly found that *Keodalah* left open opportunities for consumers to pursue personal liability against insurance adjusters who have acted in bad faith under a common law theory. *See DeWoody v. Progressive Direct Ins. Co.*, No. C23-1416, 2024 WL 639228, at *3 (W.D. Wash. Feb. 15, 2024) (joining "other courts in this District in concluding that Washington law does not, at this time, bar common law bad faith insurance claims against employee adjusters") (internal citations omitted); *accord Hoglund v.*

---

[2] Defendants also cite a single state appellate court authority interpreting *Keodalah*—in which a bad faith claim against an insurer under the Washington Consumer Protection Act could not be sustained against a subrogation company also named as a defendant—to show that "*Keodalah*'s holding has been extended to include other individuals outside of the insurer-insured relationship." Dkt. No. 17 at 6–7 (citing *Kosovan v. Omni Ins. Co.*, 19 Wn. App. 2d 668, 496 P.3d 347 (2021)). However, that case is inapposite because, as Defendants implicitly acknowledge, it dealt with a statutory bad faith claim rather than one grounded in common law. *See Kosovan*, 19 Wn. App. 2d at 685–86 (analyzing whether the subrogation company was bound by a statutory duty to exercise good faith).

*Allstate Ins. Co.*, No. C23-1575, 2023 WL 8528495, at *4 (W.D. Wash. Dec. 8, 2023); *Wailes v. Allstate Ins. Co.*, No. C23-1651, 2023 WL 8188785, at *1 (W.D. Wash. Nov. 27, 2023); *Xu v. Weis*, No. C22-118, 2023 WL 2142683, at *5 (W.D. Wash. Feb. 21, 2023); *Woelfle v. Am. Fam. Connect Prop.*, No. C21-1073, 2021 WL 4709901, at *1 (W.D. Wash. Oct. 8, 2021).

Though Defendants emphasize Hanley's non-employee status, Plaintiffs correctly point out that *Keodalah* does not address the viability of bad faith claims against independent adjusters. *See* Dkt. No. 17 at 8; Dkt. No. 21 at 4. In at least two analogous cases, courts in this District have granted motions to remand where, as here, the in-state adjuster at issue was not directly employed by the insurer. *See Fiorito v. Bankers Standard Ins. Co.*, No. C19-1760, 2020 WL 4689267, at *1, *5–6 (W.D. Wash. July 28, 2020) (declining to find fraudulent joinder of individual allegedly hired by building consultants engaged by insurer-defendant to provide "a low-balled adjustment" of home-repair expenses despite his lack of an adjuster license or relevant training); *Leonard v. First Am. Prop. & Cas. Ins. Co.*, No. C19-6089, 2020 WL 634430, at *2 (W.D. Wash. Feb. 11, 2020) (declining to find fraudulent joinder of adjuster employed a claims-adjustment company rather than the insurer).

Defendants do not address these cases. Moreover, the Parties have not provided, and the Court is not aware of, any state court caselaw that runs contrary to these decisions. The Court is persuaded that current precedent does not clearly bar common law bad faith claims against independent insurance adjusters. Therefore, Hanley is not fraudulently joined, and his inclusion defeats this Court's diversity jurisdiction. This case must be remanded to King County Superior Court for further proceedings.

**C.  Plaintiffs Are Not Entitled to An Award of Attorney Fees and Costs**

Just as a bad faith claim against Hanley is not "clearly foreclosed," *Lussier*, 518 F.3d at 1066–67, the applicable law does not clearly foreclose removal on the basis of Hanley's

allegedly fraudulent joinder. As this Court has previously noted, "[t]he prior cases in this District ruling on this issue are not binding on this Court, and indeed, it may even be that, at a future date, the Washington state courts . . . find that *Keodalah* forecloses [such] claims . . . ." *Xu*, 2023 WL 2142683, at *6 (denying attorney fees while granting motion to remand on identical issue). Plaintiffs' request for fees and costs is accordingly DENIED.

## IV.   CONCLUSION

According, it is hereby ORDERED:

(1)   Plaintiffs' motion (Dkt. No. 8) is GRANTED IN PART and DENIED IN PART.

   (a)   Plaintiffs' motion to remand is GRANTED, and this case is REMANDED to King County Superior Court.

   (b)   Plaintiffs' request for attorney fees is DENIED.

(2)   All other deadlines are VACATED.

Dated this 3rd day of July 2024.

Tana Lin
United States District Judge